May Term,
1861.

BANK
OF INDIANA
v.
LOCKWOOD.

*Thursday,*
*June 6.*

*Thursday,*
*June 6.*

———•◄◄•►———

THE BANK OF THE STATE OF INDIANA *v.* LOCKWOOD.

Suit against the bank upon certain of her circulating notes, alleged to have been duly presented for payment. Answer: that defendant was ready and willing to redeem said notes, and had offered and tendered to plaintiff

the amount of each of said notes, in the current silver coin of the *United*

*Held,* That a bad replication is good enough for a bad answer.
*Held,* also, that the *United States* silver dollar, and the halves, quarters, dimes and half dimes coined prior to *June* 1, 1853, are a legal tender for their nominal value upon debts of any amount; that the halves, quarters, dimes and half dimes, coined since *June* 1, 1853, are not a legal tender for debts exceeding five dollars; and that the three cent pieces, though recognized as "silver coins," are not a legal tender for debts exceeding thirty cents.

*Held,* also, that as a tender of payment in three cent pieces would have been a tender "in the current silver coin of the *United States,*" the answer was bad.

APPEAL from the *Floyd* Circuit Court.

WORDEN, J.—*Lockwood* sued the bank upon eighteen bank notes issued by the branch at *New Albany,* each of the denomination of five dollars, alleging a due presentment of the bills at that branch for payment, and a refusal by the bank to pay.

The bank answered: 1. By general denial. 2. That when the bills were presented for payment, the defendant was ready and willing to pay and redeem the same, and offered and tendered the plaintiff the sum of five dollars on each of said notes, "in the current silver coin of the *United States,*" which the plaintiff refused to receive, &c. 3. The same as the second, except that the word "current" is omitted in the description of the coin tendered.

The plaintiff replied to the second and third paragraphs of the answer by way of denial, and also by setting up affirmative matter. To the special replications a demurrer was filed and overruled, and the defendant excepted. The cause was tried by the Court; finding, and judgment for the plaintiff.

The only question raised by the appellant relates to the ruling of the Court on the demurrer to the replications. We deem it unnecessary to inquire whether the replications would have been good, or otherwise, had the paragraphs of the answer to which they were replied been good. A bad replication is good enough for a bad answer; and now, as formerly, a demurrer reaches back to the first defective pleading.

We proceed to inquire whether a tender averred to have

May Term,
1861.

BANK
OF INDIANA
v.
LOCKWOOD.

been made "in the silver coin of the *United States,*" or "in the current silver coin of the *United States,*" is sufficient.

By the act of Congress of *January* 18, 1837, fixing, among other things, the standard and weight of gold and silver coins, it is provided that dollars, half dollars, quarter dollars, dimes and half dimes, shall be legal tenders of payment, according to their nominal value, for any sums whatever. Dunlop's Laws of the United States, § 9, p. 916.

By a later act, to reduce and modify the rates of postage, &c., passed *March* 3, 1851, authority is conferred to coin three cent pieces, which are made a legal tender "in payment of debts for all sums of thirty cents and under." These are regarded as silver coins, being three-fourths silver and one-fourth copper. It is directed by the act that they shall bear such devices as shall be conspicuously different from *the other silver coins, &c. Id.* § 11, p. 1283.

By a still later act, passed *February* 21, 1853, it was provided that after *June* 1, 1852 (1853), the weight of the half dollar, quarter dollar, dime and half dime should be changed, and that such coins, issued under the provisions of that act, should be legal tenders "in payment of debts for all sums not exceeding five dollars." *Id.* p. 1356.

Thus it would seem, (unless some act of Congress has escaped our observation) that the *United States* silver dollar is a legal tender for its nominal value, upon debts of any amount; and so, also, are the halves, quarters, dimes and half dimes, coined prior to *June* 1, 1853 ; that the halves, quarters, dimes and half dimes coined since *June* 1, 1853, under the provisions of the act above cited, are not valid as a tender for debts exceeding five dollars ; nor are the three cent coins sufficient as a tender for debts exceeding thirty cents.

Now, from the answers in question, it is entirely uncertain what kind of silver coin was tendered ; whether dollars, halves, quarters, dimes or half dimes, or three cent pieces. For aught that appears by the answers, the tender may have been made in the three cent pieces, which were current and in general circulation. Such supposition is entirely consistent with the answers. Such tender would be obviously invalid.

Counsel have discussed the question whether the halves,

quarters, dimes and half dimes, coined after *June* 1, 1853, would be good as a tender in this case; or, in other words, whether the bank had the right to treat each bill as a separate debt, and pay it in that kind of coin, or whether the sum of all the bills presented, amounting to $90, is to be considered the debt, for which that coin would not be a good tender.

May Term, 1861.

We shall express no opinion upon the question, as it is not necessary to the determination of the cause, and as it is a point upon which there might be a difference of opinion, embarrassing the question when presented.

We think the answers in question bad, and that the demurrers to the replications were properly overruled.

The appellee assigns, as a cross error, that the Court rendered a judgment in the usual form, when it should have been so rendered as to draw interest at the rate of 12 per centum until paid. This, it is claimed, should have been done, in accordance with the eighth section of the bank charter. Acts, 1855, p. 231. We do not perceive that any motion was made in the Court below to render such judgment, nor was any objection or exception there taken to the judgment as rendered; hence no question is presented here upon this point.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. Crawford,* for the appellant.

